BEFORE THE THIRD DIVISION, MARCH 22, 1965

No. 69161.—Samincorp South American Minerals & Merchandise Corporation *v.* United States, protest 63/14132–15922 (New Orleans).

DONLON, Judge:  Counsel have submitted this case on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, subject to the approval of this court, that:

1.  The merchandise, the subject of the protest herein, Peruvian Zinc concentrates, was assessed under Par. 393 of the Tariff Act of 1930, as modified, at the rate of 0.6¢ per pound on the zinc content thereof, upon a finding by the Collector of a dutiable zinc content of 3,023,652 pounds, and the plaintiff filed a timely protest as to the Collector's finding of the dutiable zinc content.

2.  The parties hereto have entered into a compromise settlement of the case, and in order to effectuate the compromise settlement, agree to a reliquidation of the entry on the basis of a zinc content of 2,794,259 pounds, which is subject to duty at 0.6¢ per pound.

3.  A judgment may be entered herein providing that the protest be sustained as to the assessed dutiable zinc content of the entry in excess of 2,794,259 pounds and be otherwise overruled, and that the Collector be directed to reliquidate the entry and made refund accordingly.

4.  Neither the plaintiff nor defendant will take an appeal or any other step to disturb the finality of the judgment of the United States Customs Court issued in conformity with this stipulation.

5.  The instant protest be submitted on this stipulation.

At the request of the court, Hon. Andrew P. Vance, Chief, Customs Section, Civil Division, Department of Justice, filed with the court a statement, dated January 20, 1965, which, in relevant part, reads as follows:

By the provisions of Title 28, Code of Federal Regulations, Ch. I, Part O, Subpart W, sections 0.160 and 0.168, the Attorney General of the United States has delegated authority to the Assistant Attorney General of the Civil Division to compromise civil claims against the United States involving the payment of $100,000 or less to the claimant, and in turn to redelegate such authority to the chiefs of sections within the division.  By reason of Directive No. 16, dated October 7, 1964, the authority was in part redelegated, subject to exceptions not pertinent to the above protest, so as to invest authority in the Chief of the Customs Section to accept or reject offers in compromise which would result in payment by the United States pursuant to the offer of $20,000 or less.

The instant compromise falls well within the above lines of delegated authority, as the stipulation and the papers on file with the Court will disclose, and the

compromise was accordingly considered and approved directly by this office. After our approval of the proposed terms of settlement, the attorney for the plaintiff was duly notified of our acceptance of the offer tendered by him, with the understanding that he was thereupon to undertake the steps necessary to effectuate the agreed terms of settlement, viz. the drafting and presentation of the stipulation currently before Your Honors.

Accepting the stipulation herein as a statement of facts, and without consideration of the correctness of the protest claims, viz, that the percentage of dutiable zinc content was too high and should have been computed on the dry weight rather than on the wet weight of the zinc concentrates, we hold that the zinc concentrates, covered by the entry in this protest, are dutiable at 0.6 cent per pound under paragraph 393 of the Tariff Act of 1930, as modified, on the basis of the stipulated zinc content, namely, 2,794,259 pounds.

In all other respects and as to all other merchandise, the protest is overruled. Judgment will be entered accordingly.